I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 4-28-06

DeBose
DEPUTY CLERK

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

APR 28 2006

CENTRAL DISTRICT OF CALIFORNIA
BY        DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN KARL RAY BUNTON,<br><br>Plaintiff,<br><br>vs.<br><br>MARANATHA CORRECTIONS, et al.,<br><br>Defendants. | Case No. EDCV 06-0105-ABC (RNB)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Report and Recommendation is submitted to the Honorable Audrey B. Collins, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

## PROCEEDINGS

Plaintiff, who then was incarcerated at Wasco State Prison, filed a pro se Complaint herein pursuant to 42 U.S.C. § 1983 on February 1, 2006, after being granted leave to proceed in forma pauperis.[1]

---

[1] This case originally was filed in the Southern District of California on December 28, 2005. It then was transferred to the Central District of California, pursuant to 28 U.S.C. § 1406(a).

1

DOCKETED ON CM

APR 28 2006

BY

In accordance with 28 U.S.C. § 1915(e)(2), the Court thereafter screened the Complaint prior to ordering service, for purposes of determining whether the action was frivolous or malicious; or failed to state a claim on which relief might be granted; or sought monetary relief against a defendant who was immune from such relief. After careful review and consideration of the Complaint under the relevant standards, the Court found and concluded that its allegations were insufficient to state a claim for violation of plaintiff's federal civil rights. Accordingly, on February 22, 2006, the Court dismissed the Complaint with leave to amend. If plaintiff still desired to pursue this action, he was ordered to file a First Amended Complaint within 30 days, remedying the deficiencies discussed in the dismissal order. The Order expressly admonished plaintiff that, if he failed to timely file a First Amended Complaint, the Court would recommend that the action be dismissed with prejudice on the grounds set forth therein and for failure to diligently prosecute.

The Order Dismissing Complaint with Leave to Amend was duly served by first class mail on plaintiff at his then address of record, on February 22, 2006. However, the Order subsequently was returned undelivered by the Postal Service. On the envelope was notated "Return to Sender."

On March 15, 2006, plaintiff filed a notice of change of address. Per a Minute Order issued that same date, the Court directed the re-service of its February 22, 2006 Order Dismissing Complaint with Leave to Amend on plaintiff at his new address of record and extended plaintiff's time to file a First Amended Complaint to 30 days from the service date of the Minute Order. The Minute Order was duly served on plaintiff on March 15, 2006.

**Plaintiff's time to file his First Amended Complaint has now elapsed, and no First Amended Complaint has been filed by plaintiff. Nor has plaintiff sought an extension of time to do so.**

//
//

## DISCUSSION

The Complaint fails to state a federal civil rights claim on which relief may be granted for the reasons discussed in the Court's Order Dismissing Complaint with Leave to Amend (a copy of which is attached hereto and incorporated herein by this reference). Despite being apprised of the Complaint's deficiencies, plaintiff has failed to file a First Amended Complaint remedying those deficiencies.

Further, plaintiff's failure to file a First Amended Complaint or request an extension of time to do so, despite being admonished of the consequences, evidences a lack of prosecution on his part. The Court has inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute. See Link v. Wabash R.R., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); Federal Rule of Civil Procedure 41(b).

In Carey, the Ninth Circuit cited the following factors as relevant to the district court's determination whether dismissal of a pro se plaintiff's action is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." Carey, supra, 856 F.2d at 1440. Here, the Court finds that the first, second, third and fifth Carey factors militate in favor of dismissal. While the Court finds that the fourth Carey factor does not militate in favor of dismissal, the Court has concluded that the other four factors in this instance outweigh the fourth factor.

//
//
//
//
//
//
//

## RECOMMENDATION

IT THEREFORE IS RECOMMENDED that the District Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) directing that Judgment be entered dismissing this action with prejudice.

DATED:     April 27, 2006

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE